# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-0847V
Filed: January 9, 2018
UNPUBLISHED

| | |
|---|---|
| DEBORAH ALDORA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On July 19, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") resulting from the influenza vaccine she received on September 17, 2015. Petition at 1, ¶¶ 2, 18. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 20, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her GBS. On January 9, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating the total amount of $434,629.39 should be awarded as follows: a lump sum payment in the form of a check made payable to petitioner in the amount of $264,000.00, (representing $88,510.00 for past and future lost wages, $412.40 for past unreimburseable expenses, and $175,077.60 for past and future pain and suffering) and a lump sum payment in the form of a check made payable to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner and the Illinois Department of Healthcare and Family Services in the amount of $170,629.39 (representing full satisfaction of the State of Illinois Medicaid lien). Proffer at 2.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.* at 1.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

      Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner payment as follows:**

      **1.**     **A lump sum payment of $264,000.00**, representing $88,510.00 for past and future lost wages, $412.40 for past unreimburseable expenses, and $175,077.60 for past and future pain and suffering, **in the form of a check payable to petitioner**; and

      **2.**     **A lump sum of $170,629.39,** which amount represents reimbursement of Medicaid lien, **in the form of a check payable jointly to petitioner and**

**Illinois Department of Healthcare and Family Services**
**Bureau of Collections**
**Technical Recovery Section**
**P.O. Box 19174**
**Springfield, Illinois 62794-9174**
**Attn: Kevin Thorton**
**Case No. 94-024-0000055208**

**Petitioner agrees to endorse this check to the State of Illinois.**

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                      **s/Nora Beth Dorsey**
                      Nora Beth Dorsey
                      Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| DEBORAH ALDORA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 16-847V |
| v. | ) | Chief Special Master Dorsey |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Compensation for Vaccine Injury-Related Items**

On July 7, 2017, the Chief Special Master issued a Ruling on Entitlement finding that petitioner is entitled to vaccine compensation. Respondent proffers based on the evidence in the record that petitioner should be awarded $264,000.00 plus $170,629.39 for reimbursement of a Medicaid lien. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Items of Compensation and Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.    Petitioner's Damages

A lump sum payment of $264,000.00 (representing $88,510.00 for past and future lost wages; $412.40 for past unreimbursed expenses; and $175,077.60 for past and future pain and suffering), in the form of a check payable to petitioner, Deborah Aldora. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Illinois Medicaid lien in the amount of $170,629.39, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the state of Illinois may have against any individual as a result of any Medicaid payments that the State of Illinois has made to or on behalf of Deborah Aldora from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about September 17, 2015, under Title XIX of the Social Security Act. Reimbursement of the State of Illinois lien shall be made through a lump sum payment of $170,629.39, representing compensation for satisfaction of the State of Illinois lien, payable jointly to petitioner, and

> Illinois Department of Healthcare and Family Services
> Bureau of Collections
> Technical Recovery Section
> P.O. Box19174
> Springfield, Illinois  62794-9174
> Attn: Kevin Thorton
> Case No. 94-024-0000055208

Petitioner agrees to endorse this payment to the State of Illinois.

    C.  Guardianship

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

### III.  Summary of Recommended Payments Following Judgment

    A.  Lump sum paid to petitioner      $264,000.00

    B.  Reimbursement of Medicaid lien      $170,629.39

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/Linda S. Renzi
LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 146
Washington, D.C. 20044-0146
Tel.:  (202) 616-4133

DATE:  January 9, 2018